

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

JOHN DOUGLAS KNIGHT,

    *Defendant*.

Case No. CR-21-157-JFH

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the United States Attorney for the Eastern District of Oklahoma, the Acting Chief of the Human Rights and Special Prosecutions Section, and the above-captioned defendant **pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure**.

## I. THE PLEA

### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|-------|---------|---------|
| 1 | Murder in Indian Country – Second Degree | 18 U.S.C. §§ 1111(a), 1151, 1153, and 2 |

as set forth in the Information to be filed by the United States and for which the defendant waives indictment by a Grand Jury. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in the Information.

Defendant Initials       Page **1** of **17**

## MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for Murder in Indian Country – Second Degree is imprisonment for a period of any term of years to Life and/or a fine of $250,000.00, a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the count(s) set forth above, the United States agrees to move for dismissal of any remaining counts pending against the defendant and to move for dismissal of the Indictment if the defendant is entering a plea to an Information herein.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

In May 2015, the defendant, John Knight was a member of the Seminole Nation. On or about May 30, 2015, the defendant and Matthew Armstrong of the Seminole Nation asked Matthew Armstrong's father, Jimmy Armstrong, to drive them to the residence of Scotty Candler (the victim). Defendant and Matthew Armstrong were under orders from the Indian Brotherhood to go to the victim's residence and question him. The victim's residence was a brown storage unit building between Konawa and Maud within the boundaries of the Seminole Nation in the Eastern District of Oklahoma. Jimmy Armstrong drove the defendant and Matthew Armstrong to an intersection off Old Highway 99 and Country Road EW 1340 in Seminole Country within the Eastern District of Oklahoma. The defendant and Matthew Armstrong were both carrying firearms. The defendant and Matthew Armstrong planned to question, point their firearms at the victim, scare him, and beat him up. The defendant and Matthew Armstrong went to the door of the victim's residence. The defendant knocked on the victim's door. The victim opened the door, and two dogs ran out of the residence. The defendant and Matthew Armstrong, aiding and abetting each other,

Defendant Initials _JK_                    Page **2** of **17**

with malice aforethought, caused the death of the victim. The victim was shot one time in the head and died as a result. Defendant possessed a firearm in furtherance of the assault on the victim. The defendant and Matthew Armstrong then ran from the residence and disposed of the firearms. A short time later, Jimmy Armstrong picked-up the defendant and Matthew Armstrong in Jimmy Armstrong's vehicle and drove them from the area. The defendant and Matthew Armstrong did not have weapons when Jimmy Armstrong picked them up.

The defendant understands that he will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

The United States Attorney's Office for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section agree that neither will bring any other criminal charges against the defendant which are known to the United States Attorney's Office for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense(s).

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to this agreement. Should the Court choose to reject this agreement, the defendant understands the Court is not bound by this agreement nor any recommendations contained herein. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest, or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state, or local district, jurisdiction or law enforcement agency.

Defendant Initials         Page **3** of **17**

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United

States of America, its agencies, or employees, whether or not presently known to the defendant.

### FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request

or receive from any department or agency of the United States any records pertaining to the

investigation or prosecution of this case including, but not limited to, any records that may be

sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C.

§ 552a.

### WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea

Agreement, the defendant knowingly and voluntarily agrees and understands the following

appellate and post-conviction terms of this agreement:

      a.    the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

      b.    the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

      c.    the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *United States v. Booker*, 125 S.Ct. 738 (2005);

      d.    the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

Defendant Initials       Page **4** of 17

e.    the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government;

f.    the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

g.    the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## WAIVER OF EXPIRED STATUTE OF LIMITATIONS

I, John Douglas Knight, waive the statute of limitations defense to the offense of Murder in Indian Country – Second Degree, in violation of 18 U.S.C. §§ 1111(a), 1151, 1153, and 2 which occurred on or about May 30, 2015. In support of the waiver, I state as follows:

I understand I am charged in a two count Indictment in the Eastern District of Oklahoma for Count 1 – Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151,1153 and 2; and Count 2 – Causing the Death of a Person in the Course of a Violation of Title 18 U.S.C. § 924(c), in violation of 18 U.S.C. §§ 924(j)(1) and 2. I understand the offense conduct alleged in the Indictment occurred on or about May 30, 2015. I understand, that absent a waiver, the United States could not charge me with the offense of Murder in Indian Country – Second Degree because the statute of limitations has expired.

I understand the United States has offered a plea agreement to me for the offense of Murder in Indian Country – Second Degree. I understand the statute of limitations has expired for the offense of Murder in Indian Country – Second Degree, and that without me waiving the defense of the statute of limitations, the United States could not prosecute me for the offense of Murder in Indian Country – Second Degree.

I have discussed the issue of the statute of limitations and the merits of waiving an expired statute of limitations with my attorneys, Andre Poissant and Gia McGillivray.

Defendant Initials     Page **5 of 17**

After conferring with my attorneys, it is my decision to waive the expired statute of limitations to the offense of Murder in Indian Country – Second Degree. I understand, that with this waiver, I will be charged by Information for the offense of Murder in Indian Country – Second Degree. I also understand, that as part of a plea agreement, I will plead guilty to the offense of Murder in Indian Country – Second Degree. After entering a guilty plea, I understand I will be sentenced by a District Judge for the offense of Murder in Indian Country – Second Degree.

I enter this waiver being fully informed of my option to insist on a jury trial for the Indictment and charges of Count 1 – Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, 1153 and 2; and Count 2 – Causing the Death of a Person in the Course of a Violation of Title 18 U.S.C. § 924(c), in violation of 18 U.S.C. §§ 924(j)(1) and 2. I also enter this waiver because I believe it will be to my benefit to enter a guilty plea to an offense that is otherwise barred from prosecution by an expired statute of limitations.

By signing this plea agreement, I, John Douglas Knight, waive the expired statute of limitations as described herein.

_____
JOHN DOUGLAS KNIGHT

3-9-22
Date Signed

## WAIVER OF DEPARTURE AND VARIANCE RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

      a.      the defendant waives the right to request, recommend, or file a departure motion with the U.S. Probation Office or Court recommending a sentence below the

Defendant Initials       Page **6** of **17**

Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

      b.    the defendant waives the right to request, recommend, or file a variance motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant's trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

JOHN DOUGLAS KNIGHT

3-9-22
Date Signed

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

### WITHDRAWAL OF PLEA

The United States and the defendant acknowledge and understand, if the Court does not accept this plea agreement, the Court, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, will give the defendant an opportunity to withdraw the guilty plea and restore defendant's trial rights. The defendant further understands, if the defendant's trial rights are restored and the defendant is subsequently convicted, the defendant may receive a higher sentence than previously contemplated by this plea agreement.

### BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this

Defendant Initials _____    Page 7 of 17

agreement or has falsely implicated an innocent person in the commission of a crime, the United

States shall, in its discretion, have the options of declaring any provision of this agreement null

and void. The defendant and the United States agree that in the event the Court concludes that the

defendant has breached this agreement:

a.     the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);

b.     the United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.     any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and

d.     the United States will be free to bring any other charges it has against the defendant.

### <u>RE-INSTITUTION OF PROSECUTION</u>

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the

United States will be free to prosecute the defendant for all charges of which it then has knowledge,

and any charges that have been dismissed will be automatically reinstated or may be represented

to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections,

motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional

restrictions as to the time of bringing such charges.

## V. CRIME VICTIMS' RIGHTS ACT PROVISIONS

### <u>CRIME VICTIMS RIGHTS ACT (18 U.S.C. § 3771)</u>

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations

promulgated under the Act by the Attorney General of the United States, the defendant understands

that a crime victim has the following rights:

a.     The right to be reasonably protected from the accused.

b.     The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.

c.     The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that

Defendant Initials           Page **8** of 17

testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.

d. The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that the victim's comments and recommendations may be different than those of the parties to this agreement.

e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations may be different than those presented by the United States.

f. The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury or death.

g. The right to proceedings free from unreasonable delay.

h. The right to be treated with fairness and with respect for the victim's dignity and privacy.

The definition of crime victim under the Crime Victims' Rights Act is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights. In no event, shall the defendant be named as such guardian or representative.

## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character, and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

Defendant Initials     Page **9** of **17**

## SENTENCING RECOMMENDATION(S)

*Rule 11(c)(1)(C)*

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree that a sentencing range of 210-240 months imprisonment is the appropriate disposition of this case.

The parties acknowledge the specific sentence or sentencing range may depart from the anticipated advisory guideline calculation for the offense(s) to which the defendant is pleading guilty. In reaching this agreement, the parties have considered various factors including, but not limited to, the defendant's acceptance of responsibility; the events and circumstances leading up to the commission of the offense; the strength of the Government's case after considering the available admissible evidence at trial; the expected testimony of the witnesses and the relationship of the witnesses to each other; judicial economy; and the interests of justice. The parties agree the specific sentence or sentencing range is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a) for this particular case and this individual defendant.

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States Attorney's Office and the Human Rights and Special Prosecutions

Defendant Initials     Page **10** of **17**

Section will move that the defendant receive a third-point reduction in the defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

## VII. FINANCIAL OBLIGATIONS

<u>FINANCIAL DISCLOSURES</u>

The defendant agrees to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete a Declaration of Defendant Net Worth & Cash Flow Statement no later than the date of the change of plea hearing, signed under penalty of perjury and provide the same to the United States Attorney's Office, the Human Rights and Special Prosecutions Section, and the United States Probation Office. The defendant further agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the change of circumstances. The parties agree that the defendant's failure to timely and accurately complete and sign the Declaration of Defendant Net Worth & Cash Flow Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute a failure of the defendant to accept responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant expressly authorizes the United States Attorney's Office and the Human Rights and Special Prosecutions Section to obtain a credit report on the defendant. The defendant further agrees to provide waivers, consents or releases requested by the United States Attorney's Office and the Human Rights and Special Prosecutions Section to access records to verify the financial information. The defendant also authorizes the United States Attorney's Office and the

Defendant Initials _____    **Page 11 of 17**

Human Rights and Special Prosecutions Section to inspect and copy all financial documents and financial information held by the United State Probation Office.

The defendant agrees to submit to an examination under oath and/or a polygraph examination by an examiner selected by the United States Attorney's Office and the Human Rights and Special Prosecutions Section, on the issue of the defendant's assets and financial disclosures.

The defendant agrees to notify the Asset Recovery Unit (ARU) of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1000.00 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships or corporations.

### RESTITUTION INVOLVING OFFENSE OF CONVICTION

The defendant agrees to make full restitution in the amount determined by the Court, in full accordance with a schedule to be determined by the Court. Even if the defendant does not agree to full restitution, the defendant also understand that restitution for the full loss caused by the defendant's conduct may be imposed by the Court and, if so imposed, shall be a condition of any probation or term of supervised release that the defendant receives.

The defendant understands that if the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay.

### RESTITUTION FOR OTHER OFFENSES OR
### FOR RELEVANT CONDUCT NOT RESULTING IN CONVICTION

The defendant agrees the Court's consideration of the amount of restitution shall NOT be limited to the amounts alleged in the counts to which the defendant is pleading guilty and may include all relevant conduct in addition to any stipulated amounts set forth above, pursuant to 18 U.S.C. § 3663.

Defendant Initials     Page **12** of **17**

The defendant understands and agrees that the total amount of any monetary judgment the Court orders the defendant to pay will be due and payable immediately. The defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, the defendant may be resentenced to any sentence which might have originally been imposed if the Court determines the defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, the defendant acknowledges and agrees the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. § 3572, 3613 and 3664(m), notwithstanding any initial or subsequent modified payment schedule set by the Court. The defendant further understands any monetary debt the defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset the defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(F), the defendant agrees that until a fine or restitution order is paid in full, the defendant must notify the United States Attorney's Office (ARU) of any changes in the mailing address or residence address within 30 days of such change. Further, pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the court and the United States Attorney's Office (ARU) immediately any change in economic circumstances that might affect the defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Defendant Initials _____    Page **13** of **17**

## VIII.  CONTRACTUAL SPECIFICATIONS

<u>REASONS FOR AGREEMENT</u>

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

<u>COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION</u>

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein.  The subject headings herein are for convenience only and are not part of this plea agreement.  This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District of Oklahoma, the Human Rights and Special Prosecutions Section, and the defendant in this case and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma, the Human Rights and Special Prosecutions Section, and the defendant.  This written agreement supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.



Defendant Initials _____        Page **14** of 17

## TIME LIMIT

The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., March 8, 2022. Otherwise, the plea offer shall be deemed withdrawn.

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section until this agreement is signed by the defendant, defense counsel and the United States Attorney, the Acting Chief of the Human Rights and Special Prosecutions Section or their authorized representatives.

# ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorneys. I make this agreement of my own free will, and I am competent to enter into this agreement, with full knowledge and understanding of the agreement and with the advice and assistance of my counsel, Andre Poissant and Gia McGillivray. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. My plea of guilty is not the result of any threats or of any promises beyond the provisions of the agreement. I am satisfied with the legal services provided by my attorneys, Shena E. Burgess and Jack Fisher, and I have had a full opportunity to consult with my attorneys concerning this agreement, the applicability and impact of the Sentencing Guidelines and the potential terms and conditions of supervised release. I am not under the influence of anything that could impede my ability to fully understand this plea agreement.

3-9-22
Date

JOHN DOUGLAS KNIGHT
Defendant

Defendant Initials _____        Page **15** of **17**

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one. The defendant is competent to enter into this agreement, with full knowledge and understanding of the agreement. The defendant is not under the influence of anything that could impede his ability to fully understand this plea agreement.

3/9/22
_____
Date

_____
ANDRE POISSANT
Counsel for Defendant

3/7/2022
_____
Date

_____
GIA MCGILLIVRAY
Counsel for Defendant

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma and the Assistant Attorney General for the Criminal Division of the United States Department of Justice I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

CHRISTOPHER J. WILSON
Acting United States Attorney

3/8/22
_____
Date

_____
SHANNON L. HENSON
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
(918) 684-5101 (fax)

KENNETH A. POLITE, JR.
ASSISTANT ATTORNEY GENERAL
Criminal Division, Department of Justice

03/08/2022
_____
Date

_____
BRIAN MORGAN
RAMI S. BADAWY
Trial Attorneys
Human Rights & Special Prosecutions
Section
1301 New York Avenue NW
Washington, DC 20530
(202) 305-3717
(202) 616-5631

Defendant Initials _____       Page 16 of 17

Brian.Morgan@usdoj.gov
Rami.Badawy2@usdoj.gov

Defendant Initials _____          Page **17** of **17**